UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Criminal Action No. 5: 21-064-DCR |
| Plaintiff/Respondent, ) | and |
| ) | Civil Action No. 5: 24-011-DCR |
| V. ) | |
| ) | |
| JEFFREY MAURICE ROBINSON, ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| Defendant/Movant. ) | |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

Defendant Jeffrey Robinson has filed a Motion to Alter or Amend Judgment Under Rule 59(e) [Record No. 107] regarding the Court's denial [Record No. 105] of his motion to vacate, correct, or set aside his sentence pursuant to 28 U.S.C. § 2255. [Record No. 79] The motion will be denied because Robinson has not identified any error of law, newly discovered evidence, intervening change in controlling law, or need to prevent manifest injustice.

Courts adjudicating motions to reconsider in criminal cases typically evaluate such motions under the same standards that apply to civil motions to alter or amend judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. *United States v. Guzman*, 2019 WL 4418015, at *2 (E.D. Ky. Sept. 16, 2019). The Court may grant a motion under Rule 59(e) only if the moving party shows: "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005) (citing *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999). Therefore, a motion under Rule 59(e) does

not provide a dissatisfied party "an opportunity to reargue a case." *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998).

Robinson now contends, as he did in his original § 2255 motion, that the search warrant detectives obtained for his residence was defective, and his attorney's corresponding failure to seek suppression of the search amounts to ineffective assistance of counsel. Robinson proffers a *sworn* statement claiming that if he had been aware of this evidentiary issue, going to trial would have been rational, and he would have done so. [Record 107-1] He also has provided the affidavit attached to the allegedly defective search warrant [Record No. 107-3] and records of a conversation indicating prosecutors and his attorney were aware that the return address on a package containing narcotics was not his 205 Simpson Avenue #315 address as specified on the warrant. [Record No. 107-2]

After the narcotics-stuffed package was sent to an inmate at Luther Luckett Correctional Complex in LaGrange, Kentucky, prison officials launched an investigation into its origin and determined the defendant had sent it. The package's return address listed Blick Art Materials Co., but investigators concluded this return address was fraudulent. On the affidavit attached to the search warrant, detective Todd Hart stated that "[t]he packaged [sic] had been shipped from Lexington, Kentucky with a return address of 205 Simpson Avenue #305." [Record No. 107-3, p. 2] However, Hart also included information "[t]here were several money transactions from Jeffrey Robinson to inmate Billy Richardson" and "[w]hile listening to jail phone calls and videos … investigators located numerous calls between inmate Billy Richardson and Jeffrey Robinson discussing the intercepted package." [*Id.*]

Robinson now asserts that he would have gone to trial if this evidence had been available to him earlier, because the warrant would not withstand a *Franks* hearing. In *Franks*,

- 2 -

the United States Supreme Court established that a defendant is entitled to a hearing "where the defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause[.]" *Franks v. Delaware*, 438 U.S. 154, 155 (1978). Here, Robinson does not meet this burden because he cannot prove (1) when detective Hart incorrectly noted the package's return address in the affidavit, he did so knowingly and intentionally, or with reckless disregard for the truth, and (2) the false statement was necessary to the finding of probable cause.

### 1. Detective Hart's Affidavit Was Not Intentionally or Recklessly False

The record strongly reflects that detective Hart had no reason to intentionally or recklessly misstate the return address, because there was already sufficient evidence tying the defendant to the crime, and the circumstances indicate he made a reasonable mistake. After the correctional facility intercepted the package, officials immediately began investigating its origin. They determined that the label on the package was fraudulent, and that it probably came from Defendant Jeffrey Robinson.

"Following an investigation, prison officials came to believe that Defendant Robinson had sent the narcotics to the facility via UPS. According to Robinson's Presentence Investigation Report, UPS databases revealed that the package had a return address of 205 Simpson Avenue, #315, in Lexington, Kentucky." [Record No. 105, p. 2] Additionally, the defendant's attachment to his motion for reconsideration indicates that a similarly drug-laden package was previously sent to LaGrange correctional facility with the same "Blick Art Material" return address by a man who identified himself as Michael Whitaker. [Record No. 107-2] In that instance, the so-called "Michael Whitaker" provided an address of 205 Simpson

- 3 -

Avenue, #315, which was later determined to be Robinson's home address. [*See Id.*; *see also* Record No. 104-1, p. 4.]

Finally, the record also reflects that, "[d]uring surveillance, detectives observed a package on the doorstep addressed to Jeffery Robinson at the Simpson Avenue address and observed Robinson entering and exiting the residence[,]" and "[c]ounsel advised Robinson that 'there was no plausible argument that he didn't occupy that apartment' because there was video recorded evidence of a video call in which he showed his new apartment, [and] his daughter's names were on the bedroom doors[.] [*See* Record No. 100, pp. 2, 13.]

When affiant Hart listed the return address as 205 Simpson Avenue #315, he did so with the understanding that: (1) the "Blick Art Materials" address was fraudulent; (2) Robinson had discussed the narcotics package on a recorded call with a facility inmate; (3) a similar drug-stuffed package previously sent to the correctional facility through UPS was traceable to 205 Simpson Avenue, #315; and (4) intercepted videos sent by Robinson to a correctional facility inmate established 205 Simpson Avenue, #315 was his home. Given these facts, Hart had no reason to lie or mispresent the return address on the affidavit because he knew ample evidence existed tying Robinson to the crime, notwithstanding the return address on the package.

  **2. The Affidavit Established Probable Cause.**

Suppression is not an automatic remedy "[e]ven when a defendant can satisfy [his] burden by pointing to specific false statements accompanied by an offer of proof. *United States v. Green*, 572 F. App'x 438, 442 (6th Cir. 2014) (citing *United States v. Graham*, 275 F.3d 490, 505 (6th Cir. 2001)). In such circumstances, individual allegations are set aside, and the Court reviews what remains to decide the issue of probable cause. *Id.*

- 4 -

Setting aside the return address, the affidavit still contained sufficient information to establish probable cause. Hart mentioned in the affidavit that "[t]here were several money transactions from Jeffrey Robinson to inmate Billy Richardson" and "[w]hile listening to jail phone calls and videos . . . investigators located numerous calls between inmate Billy Richardson and Jeffrey Robinson discussing the intercepted package." [Record No. 107-3, p. 2] Further, detective Hart identified an intercepted video Robinson sent to an inmate depicting "an apartment Robinson describes as his[,] . . . Robinson filming [205 Simpson Avenue, #315] from outside the deck … [and] a money counter in the floor of the closet and clear jars of marijuana on the closet shelf." [Record No. 107-3, p. 3] In addition to the foregoing, the warrant specifies that "Robinson was positively identified by detectives as he stopped to lock the door to the apartment using his key . . . and getting into a dark colored Chevrolet Impala . . . registered to Jeffrey Robinson." [*Id.*]

Police knew Robinson was involved with the package, as evidenced by communications and financial transfers intercepted and observed between him and an inmate at the correctional facility. [*Id.* at 2-3] Police knew Robinson resided in the apartment, as shown in the intercepted videos. They also knew based on those same videos that, at the very least, there were illegal drugs inside Robinson's apartment. [*Id.*] Finally, they identified Robinson at the residence, found a package addressed to him after he had given his parole case officer a *different* address, and checked the registration on the vehicle that he later left in parked directly outside the residence. [*Id.*] This was all included in the affidavit. Therefore, the

inclusion of a false return address was not dispositive, and there was ample probable cause to search the residence notwithstanding the error.[1]

The evidentiary issue Robinson claims would have rationally led him to proceed to trial would have had no bearing on his case and his decision to plead guilty remains more than rational given the circumstances. Thus, his counsel was not ineffective. In short, Robinson has not identified "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice[.]" *Henderson*, 428 F.3d at 620. He offers no information that would warrant granting a motion for reconsideration of his case. Accordingly, it is hereby

**ORDERED** that the defendant's Motion to Alter or Amend Judgment Under Rule 59(e) [Record No. 107] is **DENIED**.

Dated: November 27, 2024.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky

---

[1] Robinson admitted guilt before showing police the drugs inside the residence. A search was conducted with the Defendant present, presumably after discovering the police in possession of the warrant. [Record No. 100, p. 12]