UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Criminal Action No. 5: 21-064-DCR |
| Plaintiff/Respondent, | ) | and |
| | ) | Civil Action No. 5: 24-011-DCR |
| V. | ) | |
| | ) | |
| JEFFREY MAURICE ROBINSON, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant/Movant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Defendant/Movant Jeffrey Robinson has filed a Motion to Alter or Amend Judgment Under Rule 59(e) of the Federal Rules of Civil Procedure [Record No. 167] regarding the Court's denial [Record No. 163] of his motion to vacate, correct, or set aside his sentence pursuant to 28 U.S.C. § 2255 [Record Nos. 127 and 143]. The motion will be denied because Robinson has not identified any error of law, newly discovered evidence, intervening change in controlling law, or manifest injustice that would result from a failure to set aside the Court's prior decision.

I.

Courts adjudicating motions to reconsider in criminal cases typically evaluate them under the same standards that apply to civil motions to alter or amend judgment pursuant to Rule 59(e). *United States v. Guzman*, 2019 WL 4418015, at *2 (E.D. Ky. Sept. 16, 2019). The Court may grant a Rule 29(e) motion only if the moving party shows "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005) (citing *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999)). The

United States Court of Appeals for the Sixth Circuit, however, has consistently held that a Rule 59 motion should not be used to either reargue a case on the merits or issues already presented, *see Whitehead v. Bowen*, 301 F. App'x 484, 489 (6th Cir. 2008) (citing *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998)), or otherwise "merely restyle or rehash the initial issues," *White v. Hitachi, Ltd.*, 2008 U.S. Dist. LEXIS 25240, 2008 WL 782565, at *1 (E.D. Tenn. Mar. 20, 2008) (internal quotation marks and citation omitted). Simply put, "[i]t is not the function of a motion to reconsider arguments already considered and rejected by the court." *Id.*

## II.

Robinson contends that the Court made fourteen errors "that satisfy the Rule 59(e) standard and, if left uncorrected, would result in manifest injustice." [Record No. 167 at 1] Mainly, he argues that the Court made legal mistakes or misunderstood the facts in its analysis of his claims.

### Alleged Ineffective Assistance of Counsel

**A. The Alleged Failure to Move to Suppress**

Robinson asserts that the Court committed clear errors resulting in manifest injustice when it evaluated the search warrant a detective obtained for his residence and his related ineffective assistance of counsel claim. [Record No. 167 at 2, 8–11] He posits that the Court improperly relied on evidence outside the four corners of the affidavit when assessing probable cause and in its conclusion that Detective Hart lacked a motive to misrepresent the return address because independent evidence linked Robinson to the offense. [Record No. 167 at 2, 10] He further contends that the Court improperly substituted a probable-cause analysis for the required *Strickland* framework and committed a clear error of law by rejecting his ineffective

assistance claim because the underlying motion likely would have failed. [*Id.* at 8–9] In addition, Robinson maintains that the Court misapprehended the facts and the record by concluding that he presented no new evidence in support of his *Franks* claim. And he asserts that he submitted new evidence showing the surveillance video referenced in the affidavit was several months old. [*Id.*]

These arguments reprise Robinson's repeated claim that the search warrant for his residence was defective and that counsel rendered ineffective assistance by failing to seek suppression. In his objections to the United States Magistrate Judge's Report and Recommendation, Robinson indicates that there are EarthLink emails the prosecutor allegedly suppressed demonstrating Detective Hart knew that the return address on the narcotics-stuffed package did not match the 205 Simpson Avenue, #315 address as specified in his affidavit supporting the warrant. [Record No. 158 at 8–9]

To succeed on an ineffective-assistance claim, a petitioner generally must show both that counsel's performance fell below an objective standard of reasonableness and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984). The Court denied Robinson's ineffective assistance of counsel claims regarding his counsel failure to file a *Franks* or suppression motion concerning the return label on the narcotics-stuffed package because he failed to show entitlement to a *Franks* hearing or that a suppression motion would have succeeded. [Record No. 163 at 10–11]

And to obtain a *Franks* hearing, a defendant must "make a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit." *Franks v. Delaware*, 438 U.S. 154,

155–56 (1978).  That statement must have been "necessary to the finding of probable cause." *Id.* at 156.  Moreover, "[a] law enforcement officer's statement is only considered to be issued with 'reckless disregard for the truth,' if a defendant shows that the affiant subjectively 'entertained serious doubts as to the truth of his or her allegations.'" *United States v. Bateman*, 945 F.3d 997, 1008 (6th Cir. 2019) (quoting *United States v. Cican*, 63 F.App'x 832, 835–36 (6th Cir. 2003)).

As this Court has repeatedly concluded, Detective Hart has no reason to misrepresent the return address in the affidavit because ample independent evidence connected Robinson to the offense and that the circumstances suggest that this was a reasonable mistake. [*See* Record Nos. 117 at 3–4 and 163 at 11.]  The record shows that Hart understood the following: the return address on the package was fraudulent; Robinson discussed the intercepted package in recorded jail calls; a similar narcotics package previously sent through UPS to the correctional facility was traceable to 205 Simpson Avenue, #315; and intercepted videos Robinson sent to an inmate established that 205 Simpson Avenue, #315 was his residence  [*See* Record Nos. 105 at 2; 107-2; and 100 at 2, 13.]   Given these facts, Hart had no incentive to lie or misrepresent the return address.  Robinson, therefore, cannot show that Hart knowingly, intentionally, or recklessly misrepresented the return address, as required under *Franks*.

Robinson fails to demonstrate that the return-address error was necessary to finding of probable cause. As explained previously, even without the return address, the affidavit contained sufficient information to establish probable cause. [Record No. 163 at 11] The affidavit detailed multiple money transfers from Robinson to inmate Billy Richardson and numerous intercepted jail calls and videos in which Robinson and Richardson discussed the package. [Record No. 107-3 at 2] Hart also described an intercepted video Robinson sent

- 4 -

depicting "an apartment Robinson describes as his[,] . . . Robinson filming [205 Simpson Avenue, #315] from outside the deck … [and] a money counter in the floor of the closet and clear jars of marijuana on the closet shelf." [*Id*. at 3] In addition, the warrant specifies that "Robinson was positively identified by detectives as he stopped to lock the door to the apartment using his key . . . and getting into a dark colored Chevrolet Impala . . . registered to Jeffrey Robinson." [*Id.*] Thus, through intercepted communications and financial transfers, investigators knew Robinson was involved with the package, lived at the apartment based on the videos, and that the illegal drugs were inside the residence. [*Id.* at 2-3] Further, they identified Robinson at the residence, found a package addressed to him, and confirmed the vehicle he later entered was registered to him and parked directly outside the residence. [*Id.*] And this information appeared in the affidavit.

Accordingly, the incorrect return address was not dispositive, and probable cause existed independent of the error. Robinson also contends that the "surveillance video cited in the affidavit was stale by several months, meaning the affiant misled the issuing judge into believing the video represented contemporaneous surveillance." [*See* Record No. 167 at 9.] The affidavit does not reference a surveillance video. Although it mentions "surveillance," those references are dated, and nothing in the affidavit suggests that the issuing judge was misled. [*See* Record No. 107-3.] In any event, the affidavit contains ample additional evidence establishing probable cause, and this argument does not undermine the Court's prior decision.

Robinson fails to establish prejudice as required by *Strickland*. He has not shown that he wase entitled to a *Franks* hearing or that a motion to suppress had any likelihood of success. Consequently, his assertion that awareness of the alleged evidentiary issue would have rationally led him to proceed to trial is unavailing. His decision to plead guilty remained

entirely rational, and his counsel did not render ineffective assistance under the circumstances presented. Robinson's arguments fail because he has not identified a clear legal error or otherwise demonstrated that reconsideration is necessary on this issue.

### B. The Alleged Inaccurate Sentencing Prediction and Application of *Cronic*

Robinson argues that the Court misapprehended the facts and the record when it concluded that he failed to identify an instance in which counsel was totally absent or prevented from assisting him as required by *Cronic*. [Record No. 167 at 4] However, he merely reasserted his original argument.

Robinson contends that the Court "misapprehended the record" by failing to recognize that, despite two extensions, counsel only had seven days to review discovery and prepare defense motions. [*Id.*] While the Court considered this argument previously, it concluded that Robinson still failed to identify an instance in which counsel was "totally absent or prevented from assisting him," as *Cronic* requires. [Record No. 163 at 8–9 (citing *Black v. Burton*, No. 19-1741, 2020 WL 3625740, at *4 (6th Cir. 2020)) (quoting *United States v. Cronic*, 466 U.S. 648, 659, n. 25 (1984)).]

Robinson has not provided any basis for the court to reconsider its determination on this issue. Rather, he contends that the Court did not address the fact that his counsel only had seven days to review discovery and prepare defense motions when, in fact, the Court considered counsel's time limitations and determined that these circumstances do not equate to a situation that falls under the *Cronic* presumption noting, for example, that counsel received two extensions of time to file defensive motions. [*Id.* at 9]

Next, Robinson argues that the Court erred in concluding that an attorney's inaccurate prediction regarding a possible sentence does not constitute deficient performance. [Record

No. 167 at 5] And he asserts that the Court applied the wrong legal standard. [*Id.*] Robinson also argues that the Court erred in concluding that the language of the plea agreement defeats his claim that his counsel failed to investigate and adequately advise him regarding his career-offender enhancement. [*Id.* at 6] He further argues that the Court improperly relied on counsel's self-serving affidavit which states that counsel discussed the career offender enhancement on at least four occasions with Robinson over his sworn statement to the contrary. [*Id.* at 5-6] These arguments also fail.

The Court did not apply the wrong legal standard in concluding that Robinson failed to demonstrate deficient performance as required for an ineffective assistance of counsel claim under *Strickland*. Rule 11 of the Federal Rules of Criminal Procedure provides that courts are required to inform defendants of their relevant statutory penalties at their change-of-plea hearings. *See* Fed. R. Crim. P. 11(c)(1). Provided that the defendant is properly informed in accordance with Rule 11, "an attorney's inaccurate prediction about a possible sentence to be imposed in an ongoing criminal case does not satisfy the deficiency prong of *Strickland*." *Jones v. Holland*, No. 5: 13-66-GFVT, 2013 WL 11079776, at * 3 (E.D. Ky. Mar. 26, 2013) (collecting cases). Because the Sixth Circuit has already held that the district court satisfied Rule 11 by explaining how the guideline range would be calculated—and that the defendant is bound by his sworn statement affirming his understanding that neither the district court nor defense counsel could know his exact guideline range until his presentence report was prepared—Robinson cannot establish deficient performance under *Strickland*. [*See* Record No. 69 at 4.]

Next, the Court did not err when it concluded that the record refuted Robinson's claims that his counsel failed to address the career offender issue with him. Trial counsel's detailed

affidavit explains that she and Robinson discussed whether he would be classified as a career offender and that she advised him his arguments against that classification were unlikely to succeed. [Record No. 95-1 at 1] Although counsel acknowledges that she misstated Robinson's advisory guidelines range in one letter by omitting the career-offender enhancement, she confirms that the two discussed the potential enhancement several times. [*Id.*] She also confirms that Robinson directly asked an Assistant United States Attorney about his career offender status during a joint meeting and that Robinson signed a plea agreement stating the government believed he would be subject to career-offender penalties after discussing that issue with counsel four separate times. [*Id.*]

Robinson fails to demonstrate that the Court misunderstood the record, committed a legal error, or that manifest injustice warrants reconsideration of the Court's ruling on this issue.

### The Alleged *Brady* Violation

Robinson argues that the Court failed to conduct a *de novo* review of critical evidence by treating the Sixth Circuit's prior ruling as controlling, despite the claim his § 2255 motion presented new evidence (specifically, allegedly suppressed EarthLink emails indicating that the government knew the return address on the narcotics-stuffed package was incorrect and that the surveillance video evidence was stale). [Record No. 167 at 2; *see* Record No. 127 at 5.] He also asserts that the Court misapplied the governing standard by concluding that his *Brady* claim was barred by his plea waiver. [Record No. 167 at 2] But again, Robinson fails to identify any basis for reconsideration, as he did not demonstrate a clear error of law, newly discovered evidence, an intervening change in controlling law, or a need to prevent manifest injustice.

The Court previously considered Robinson's argument that the government violated *Brady v. Maryland*, 373 U.S. 83, 87 (1963), by purportedly suppressing impeachment material, rendering his guilty plea involuntary and unknowing. [Record No. 163 at 6] However, the Court found that Robinson had already raised this argument in his appellate brief opposing counsel's *Anders* brief. [*Id.* at 7] In that filing, he argued that the government suppressed favorable evidence, including information about the return address on the narcotics-stuffed package. [*Id.* (citing Record No. 68 at 25)] In considering Robinson's arguments, the Sixth Circuit held that he knowingly and voluntarily entered his guilty plea. [Record No. 69 at 6] It further held that Robinson's appeal waiver barred all claims related to his guilty plea and conviction, including challenges to the district court's denial of his post-plea motion for a *Franks* hearing and the government's alleged suppression of evidence. [*Id.*] Accordingly, the Court did not err in determining that Robinson waived his right to collaterally attack his plea, conviction, and sentence—except for claims of ineffective assistance of counsel—because he entered the waiver knowingly and voluntarily. [*See* Record No. 163 at 6–8.]

Robinson argues that the Court committed manifest injustice by evaluating his alleged *Brady* violation in isolation and by ignoring that the purportedly suppressed evidence was inseparable from counsel's ineffective assistance. [Record No. 167 at 3] This argument also fails. As discussed above, Robinson has not established ineffective assistance of counsel related to the alleged suppressed evidence (*i.e.*, the return address on the narcotics-stuffed package). Further, the Court addressed the emails cited by Robinson and determined that they explained why the return address label was fraudulent and confirms that Detective Hart accurately identified Robinson's address as the package's true origin. [Record No. 163 at 7 (citing Record No. 158-1 at 1]

**The Actual Innocence Claim**

Robinson's final three arguments challenge the Court's determination that he waived his right to collaterally attack his guilty plea, conviction and sentence, except for claims of ineffective assistance of counsel. [Record No. 167 at 11–13] He specifically challenges the Court's analysis of his actual innocence claim, arguing that the Court improperly considered it in isolation rather than in connection with his ineffective assistance of counsel claim. [*Id.* at 11–12] Robinson asserts that this alleged error resulted in a manifest injustice. [*Id.*]

This argument fails because the Court also determined that Robinson's assertion of actual innocence lacks merit. [*See* Record No. 163 at 14.] Nevertheless, Robinson contends that the change-of-plea hearing did not establish a factual basis his § 924(c) conviction. [Record No. 167 at 12–13] But while under oath, Robinson expressly admitted to the conduct giving rise to the § 924(c) charge. [*See* Record 62 at 25–26; *see also* Record No. 27 at 4.]

**III.**

A Certificate of Appealability will not issue with respect to the claims raised in Robinson's motion under Rule 59(e). Robinson has not made a "substantial showing of the denial of a constitutional right." *Slack v. Daniel*, 529 U.S. 473, 483 (2000) (citing 28 U.S.C. § 2253(c)(2)). Reasonable jurists could not debate this Court's conclusions that Robinson's claims are without merit or that the issue involved "deserve encouragement to proceed further." *Id.* at 484.

Robinson also requests an evidentiary hearing. [Record No. 167 at 14] However, he has not presented any colorable claims for relief under Rule 59(e) and a hearing is not warranted.

## IV.

For the reasons discussed above, it is hereby

**ORDERED** that Defendant/Movant Robinson's Motion to Alter or Amend Judgment Under Rule 59(e) [Record No. 167] is **DENIED**.

A Certificate of Appealability will not issue.

Dated: January 26, 2026.

Danny C. Reeves, District Judge
United States District Court
Eastern District of Kentucky